```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ERNEST LIKELY,<br>    Petitioner,<br><br>  v.<br><br>PAUL RUANE,<br>    Respondent. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 06-10342-PBS<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

February 2, 2010

Saris, U.S.D.J.

**INTRODUCTION**

  On May 17, 2002, a Massachusetts jury convicted Petitioner Ernest Likely of unlawful distribution of a controlled substance (cocaine) within one thousand feet of a public school. During trial, in accordance with then-existing Massachusetts law, the judge allowed the government to introduce into evidence a certificate of analysis by a chemist, prepared pursuant to Mass. Gen. Laws ch. 111, § 13, to establish that the substance distributed was cocaine.

  Petitioner appealed his decision in state court, arguing that the admission of the certificate of analysis – unaccompanied by the chemist's testimony – violated his Sixth Amendment rights under Crawford v. Washington, 541 U.S. 36 (2004). The Massachusetts Appeals Court rejected Petitioner's argument.

1

Commonwealth v. Likely, 65 Mass. App. Ct. 1103, 837 N.E.2d 313 (table), 2005 WL 3071535 (opinion) (Nov. 16, 2005).  The Supreme Judicial Court denied Likely's application for further appellate review.  Commonwealth v. Likely, 445 Mass. 1109, 840 N.E.2d 56 (table) (2005).  On February 24, 2006, Likely filed the present petition for the writ of habeas corpus.  Petitioner asserts that the Massachusetts Appeals Court's resolution of the Sixth Amendment issue was contrary to and an unreasonable application of Crawford.

On May 24, 2006, this petition was referred to Magistrate Judge Sorokin who subsequently stayed the case while the Supreme Court considered the precise issue in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009).  On July 21, 2009, Judge Sorokin issued a Report and Recommendation that this Court allow Likely's petition: "The Supreme Court's decision in Melendez-Diaz demonstrates that the state court decision was an unreasonable application of Crawford."  (Report and Recommendation at 8-9.)  In his view, "the Supreme Court [in Crawford] clearly established that testimony by affidavit, no matter how 'reliable,' was not admissible in the absence of cross-examination."  (Id. at 6.)  The Respondent promptly filed an objection to Judge Sorokin's Report and Recommendation.

After hearing and consideration of the parties' memoranda, Likely's petition for the writ of habeas corpus is **DENIED**.

**STANDARD OF REVIEW**

This Court reviews the decision of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1)(C).  As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) provides the standard of review for claims made in habeas cases that were adjudicated on the merits in state court proceedings.  Under that statute, habeas relief may not be granted unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).  The phrase "clearly established Federal law" refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. Yarborough v. Alvarado, 541 U.S. 652, 660-661 (2004) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).  See also Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) ("clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.").

An "unreasonable application" of Supreme Court holdings occurs where "the state court's application of clearly established federal law is objectively unreasonable."  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court decision involves

an unreasonable application of the Supreme Court's clearly established precedents "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413).  The Supreme Court has emphasized that "an unreasonable application is different from an incorrect one."  Cone, 535 U.S. at 694.  Habeas relief is not appropriate under the "unreasonable application" prong unless the state court decision is "more than incorrect or erroneous."  Lockyer, 538 U.S. at 75.  Thus, "if it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application."  McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002).

## DISCUSSION

The issue before this Court is whether the decision of the Massachusetts Appeals Court was contrary to, or involved an unreasonable application of, the Supreme Court's holding in Crawford v. Washington.  Crawford holds that the Confrontation Clause of the Sixth Amendment bars the admission of testimonial evidence unless the declarant is unavailable and the defendant had a "prior opportunity for cross-examination."  See Crawford, 541 U.S. at 68; United States v. Hansen, 434 F.3d 92, 99 (1st Cir. 2006) (identifying Crawford's holding).

Although the Crawford holding only applies to hearsay that is "testimonial," the Court expressly declined to define that term. Crawford, 541 U.S. at 68 ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.'"); id. at n.10 ("our refusal to articulate a comprehensive definition in this case will cause interim uncertainty"); see also United States v. Brito, 427 F.3d 53, 55 (1st Cir. 2005) ("[T]he Court left open the parameters of testimonial hearsay, and so its ruling produced a miasma of uncertainty."). The Court did, however, acknowledge that "[v]arious formulations of this core class of 'testimonial' statements" exist. See Crawford, 541 U.S. at 51-52 (declining to adopt any "precise articulation"). The term testimonial includes, "at a minimum," a declarant's statements made in the context of a police interrogation, as well as prior testimony at a preliminary hearing, before a grand jury, or at a former trial. Id. at 68. On the other hand, business records or statements made in furtherance of a conspiracy have historically been treated as "statements that by their nature were not testimonial." Id. at 56.

This case turns on whether the Massachusetts Appeals Court's decision was an "unreasonable application" of Crawford. As the Supreme Court has explained, "it is not "'an unreasonable application of clearly established Federal law'" for a state

court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009). For habeas relief to issue, the state court opinion must have been "objectively unreasonable." Cone, 535 U.S. at 694. In rejecting Likely's appeal, the state court relied on Commonwealth v. Verde, 444 Mass. 279, 827 N.E.2d 701 (2005). See Commonwealth v. Likely, 2005 WL 3071535, at *1. In Verde, the Supreme Judicial Court considered whether the admission of drug certificates of analysis unaccompanied by the testimony of the chemist who analyzed the substances and prepared the certificates violated the defendant's rights under Crawford. Verde, 444 Mass. at 282. The SJC concluded that the certificates of analysis were nontestimonial based upon its comparison of the certificates with the categories of hearsay that the Court expressly identified as testimonial and nontestimonial in Crawford. Citing to the Crawford opinion, the SJC reasoned, "The documentary evidence at issue here has very little kinship to the type of hearsay the confrontation clause intended to exclude, absent an opportunity for cross-examination. Rather, it is akin to a business or official record, which the Court stated was not testimonial in nature." 444 Mass. at 284 (internal citations omitted). Faced with business or official records on one hand and statements made in a previous hearing or in the face of interrogation on the other hand, the SJC reasonably concluded that certificates of analysis fell closer to the former than the

latter.

It cannot be said that the SJC's analogy to business or official records was objectively unreasonable, and having made that analogy, it was not objectively unreasonable to hold the certificates of analysis nontestimonial.  See Crawford, 541 U.S. at 56 (describing "business records" as "nontestimonial"); see also id. at 76 (Rehnquist, J., concurring) (praising majority for recognizing "business records and official records" as nontestimonial).  To be sure, in light of the majority opinion in Melendez-Diaz, the SJC's conclusion turned out to be erroneous, at least according to five justices.[1]  Melendez-Diaz, 129 S. Ct. at 2532 ("In short, under our decision in Crawford the analysts' affidavits were testimonial statements, and the analysts were 'witnesses' for purposes of the Sixth Amendment.").  The fact that the SJC erred, however, does not make the error objectively unreasonable.  See Lockyer, 538 U.S. at 75 (state court decision must be "more than incorrect or erroneous" for habeas relief to issue).  In assessing whether the state court contravened "clearly established Federal law," it is fundamental that "[l]ater Supreme Court decisions play no role in assessing the reasonableness of the state court decisions."  Brown v. Greiner, 409 F.3d 523, 533 (2d Cir. 2005).

---

[1] Although it appeared that the Supreme Court might reconsider the rule of Melendez-Diaz in Briscoe v. Virginia, 78 U.S.L.W. 3434 (2010), a unanimous Court declined to do so.

State and federal courts across the country were divided as to whether scientific evidence like the drug certificates at issue were testimonial in the wake of Crawford.  As the four dissenters in Melendez-Diaz noted, thirty-five states and six Federal Courts of Appeals allowed the admission of scientific analysis without the testimony of the analyst who produced it.  129 S. Ct. at 2543 (Kennedy, J., dissenting).  One law review article observed that after Crawford, a "vast majority of reported decisions . . . declare forensic laboratory reports to be 'nontestimonial.'"  Michael H. Graham, Crawford/Davis "Testimonial" Interpreted, Removing the Clutter; Application Summary, 62 U. Miami L. Rev. 811, 836 (2008).  It would be peculiar to find that a position taken by a majority of courts – and supported by four Supreme Court justices – was objectively unreasonable.  See, e.g., Vieux v. Pepe, 184 F.3d 59, 67 (1st Cir. 1999) ("[T]he Massachusetts Appeals Court issued a decision that cannot be deemed unreasonable in light of a healthy debate among a number of courts.").

Petitioner argues that the Massachusetts Appeals Court acted unreasonably because a certificate of analysis is not the sort of record that would have been admissible against a criminal defendant at the time of this nation's founding.  Prior to Melendez-Diaz, the Massachusetts Supreme Judicial Court consistently disagreed with that historical analysis.  Verde, 444 Mass. at 283 (discussing "public record" exception to the

Confrontation Clause at the time of the adoption of the Constitution); Commonwealth v. Slavski, 245 Mass. 405, 414-18, 140 N.E. 465, 466-69 (1923) (discussing public records exception from the time of the founding).  This Court need not crown a winner in this contest over historical truth.  The primary focus of Crawford was the constitutional limit on the introduction of "testimonial" hearsay: the question for the Massachusetts Appeals Court (and the SJC in Verde) was not whether certificates of analysis would have been admissible in 1791, but whether certificates of analysis were testimonial.  And as explained above, the Verde court was not objectively unreasonable in determining that certificates of analysis were closer to business or official records than to testimonial statements.

To be sure, Justice Scalia's language in Melendez-Diaz acknowledges no debate, pronouncing that there is "little doubt" that certificates of analysis are testimonial under Crawford, 129 S. Ct. at 2532, and calling the application of Crawford "rather straightforward."  129 S. Ct. at 2533.  Of course, four dissenters disputed those characterizations.  See 129 S. Ct. 2543 (criticizing the ruling as "sweep[ing] away an accepted rule governing the admission of scientific evidence.") (Kennedy, J. dissenting).  Yet even if the result in Melendez-Diaz was likely, Likely does not prevail because likeliness is not the standard.  Rather he must show that Verde (and by extension the Appeals Court considering Likely's appeal) was objectively unreasonable.

In my view, the decision of the Massachusetts Appeals Court was not contrary to, nor an unreasonable application of the Supreme Court's holding in Crawford.[2]

**ORDER**

The petition for a writ of habeas corpus is **DENIED**.

/s/ Patti B. Saris

_____
PATTI B. SARIS
United States District Judge

---

[2] Two habeas judges have split on this question. Cf. Frankenberry v. Coleman, No. 09-557, 2009 WL 3734140 (W.D. Pa. Nov. 6, 2009) ("To the extent that Petitioner attempts to argue the [state court's] construction of Crawford was unreasonable in light of Melendez-Diaz . . . the Court is not persuaded given that Melendez-Diaz was not decided until after the [state court's] decision and . . . therefore cannot render [the state court's] construction of Crawford unreasonable."); but see Garcia v. Roden, No. 08-10692, 2009 WL 4573315, at *8 (D. Mass. Dec. 3, 2009) (holding that "Crawford so clearly foreshadowed Melendez-Diaz that the contrary holding of the Massachusetts Supreme Judicial Court in Commonwealth v. Verde was an unreasonable application of federal law already clearly established by the Supreme Court in Crawford.").